UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| RASHAD A. JACKSON-TATUM, | |
| Plaintiff, | |
| v. | CAUSE NO.: 1:25-CV-144-TLS-AZ |
| PERRY A. SOOK, PERRA BRANTLEY, JOHN URBANS, TOM POWELL, and HILTON H. HOWELL JR., | |
| Defendants. | |

**OPINION AND ORDER**

Rashad A. Jackson-Tatum, a prisoner without a lawyer, filed this lawsuit, but did not pay the filing fee or file an in forma pauperis motion. If he wants to continue this lawsuit, he must resolve his filing fee status either by paying the filing fee or filing an in forma pauperis motion with a copy of his inmate trust fund ledger detailing his transactions for the past six months.

In addition, his complaint does not allege a valid basis for federal court jurisdiction. ECF No. 1. The Court has an independent duty to ensure that subject matter jurisdiction exists in every case. *See Page v. Democratic Nat'l Comm.*, 2 F.4th 630, 634 (7th Cir. 2021) ("[F]ederal courts, as courts of limited jurisdiction, must make their own inquiry to ensure that all statutory requirements are met before exercising jurisdiction."). Because federal courts have limited jurisdiction, there are specific requirements that must exist before a federal court may hear a claim. *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). To come within federal jurisdiction here, a claim must either be based on a federal question, 28 U.S.C. § 1331, or the case must fall under diversity jurisdiction, 28 U.S.C. § 1332. Neither is present.

Jackson-Tatum is suing several members of the media for publishing allegedly defamatory statements about his arrest. ECF No. 1. All of these defendants are private citizens, not state actors, which forecloses the possibility of stating a claim under 42 U.S.C. § 1983. *See Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006) ("In order to state a claim under [42 U.S.C.] § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law."). And the complaint has no other potential claim that is based on the United States Constitution, federal laws, or treaties of the United States that could provide federal question jurisdiction under 28 U.S.C. § 1331 because a defamation claim against non-governmental actors is based on state law. *See Bone v. City of Lafayette*, 763 F.2d 295, 297–98 (7th Cir. 1985). Therefore, to proceed on a state law claim in federal court, Jackson-Tatum must allege a basis for diversity jurisdiction.

Diversity jurisdiction requires the plaintiff to be a citizen of a different state than each defendant and the amount in controversy to exceed $75,000. 28 U.S.C. § 1332. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curiam). Domicile requires physical presence in a state with the intent to remain there. *Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). Jackson-Tatum does not allege any party's citizenship. But he alleges that three of the defendants work in Fort Wayne, Indiana, and he is described in the news article attached to the complaint as a "Fort Wayne man." ECF No. 1-1 at 2. Therefore, it appears that he shares Indiana citizenship with some of the defendants, preventing the possibility of diversity jurisdiction.

This complaint does not allege a basis for federal jurisdiction. If Jackson-Tatum believes he can meet the requirements for federal jurisdiction, he may file an amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in

2

early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). To file an amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form which is available from his law library. He needs to write the word "Amended" on the first page above the title "Prisoner Complaint" and send it to the Court after he properly completes the form.

For these reasons, the Court:

(1) GRANTS Rashad A. Jackson-Tatum until **May 6, 2025**, to resolve his filing fee status and to file an amended complaint as laid out in this Opinion and Order; and

(2) CAUTIONS Rashad A. Jackson-Tatum if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice.

SO ORDERED on April 2, 2025.

                                              s/ Theresa L. Springmann
                                              JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT